﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 191114-60948
DATE: September 29, 2020

ORDER

Service connection for diabetes mellitus, type II, is granted. 

FINDING OF FACT

Diabetes mellitus, type II, was incurred during a period of active duty from July 2017 to January 2018. 

CONCLUSION OF LAW 

The criteria for service connection for diabetes mellitus, type II, have been met. 38 U.S.C. § 1110; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION 

The Veteran served on active duty from July 2003 to February 2008, from January 2015 to May 2015, from July 2015 to September 2015, and from July 2017 to January 2018. By way of background, a rating decision issued in April 2017 by a Regional Office (RO) of the Department of Veterans Affairs (VA) denied service connection for diabetes mellitus, type II. In April 2018, the Veteran entered a notice of disagreement; however, in September 2018, he withdrew such legacy appeal and opted into the Rapid Appeals Modernization Program (RAMP), which was a test program for the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). In such election, he requested a Higher-Level Review of the RO’s prior decision, and a rating decision issued in January 2019 considered the evidence of record as of the date VA received the RAMP election form. In November 2019, the Veteran timely appealed the January 2019 rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). Thus, the Board’s review is limited to the evidence of record at the time of issuance of the rating decision on January 17, 2019. 

The Board notes that the Veteran’s Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182) also included the issue of entitlement to service connection for bilateral hearing loss and indicated that the rating decision being appealed was issued in July 2016. However, as such decision was issued over a year previously in the legacy system, the appeal is untimely. 38 C.F.R. §§ 20.202, 20.203. Therefore, the Board does not have jurisdiction over such issue at the present time.

The Board also observes that the Veteran was previously represented by the Polish Legion of American Veterans; however, in April 2019, he submitted a VA Form 21-22a (Appointment of Individual as Claimant’s Representative) in favor of Ms. Kimberly Kalisz. As such attorney is not accredited by VA, the Board sent the Veteran a letter in October 2019 advising him of such fact and requesting that he clarify his choice of representation. Thereafter, in November 2019, the Veteran advised the Board that he wished to proceed with his appeal pro se. 

Entitlement to service connection for diabetes mellitus, type II. 

The Veteran contends that he has diabetes mellitus, type II, that had its onset during his last period of active duty, or is otherwise a continuation of his impaired fasting glucose noted during his third period of active duty. Thus, he claims that service connection for such disorder is warranted.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Additionally, where a veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases, such as diabetes mellitus, to a degree of 10 percent within one year, from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. In this regard, a compensable rating for diabetes mellitus is warranted where such requires insulin and a restricted diet, or oral hypoglycemic agent and restricted diet. 38 C.F.R. § 4.119, Diagnostic Code 7913. Alternatively, when a disease at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one year presumptive period, service connection may also be established by showing continuity of symptomatology after service. 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

As an initial matter, the Board acknowledges that the Veteran has a current diagnosis of diabetes mellitus, type II, which is consistent with the AOJ’s favorable finding in the January 2019 rating decision that his post-service treatment records reflect such a diagnosis. 

The Veteran’s service treatment records from first two periods of active duty are negative for any complaints, treatment, or diagnosis referable to diabetes mellitus. During his third period of active duty from July 2015 to September 2015, such reflect that, on July 20, 2015, and August 7, 2015, it was noted that he did not have a history of a diagnosis of diabetes mellitus; however, following laboratory testing, was noted to have impaired fasting glucose. In this regard, such testing revealed HGB A1C of 6.6%, which was noted to be consistent with diabetes, and glucose of 145 mg/dL. On August 31, 2015, impaired fasting glucose was again noted and the Veteran was prescribed Metformin. However, diabetes mellitus was not diagnosed.

At the February 2017 VA examination, the examiner found that the Veteran did not have an official diagnosis of diabetes mellitus, type I or II. Rather, she noted the August 2015 laboratory test results and the diagnosis of impaired fasting glucose, but found that such did not meet the criteria for a diagnosis of diabetes. She further observed that the Veteran’s condition resulted in the need for a prescription of an oral hypoglycemic agent, but did not require the regulation of activities.

Following the receipt of an August 19, 2015, treatment record that reflects a diagnosis of diabetes mellitus, type II, but without citation to laboratory test results, the Veteran was scheduled for another VA examination in December 2017. Specifically, at such time, the examiner was requested to review the newly received evidence and opine whether the Veteran’s diagnosis of impaired glucose was in error. As the Veteran was unavailable for an examination, the examiner conducted a review of the record and opined that diabetes mellitus, type II, was at least as likely as not incurred in or caused by the claimed in-service injury, event, or disease. In this regard, the examiner found that the Veteran’s August 19, 2015, diagnosis of diabetes mellitus, type II, was a progression of the diagnosed impaired glucose. However, the Board again notes that the August 19, 2015, diagnosis was not accompanied by laboratory test results, to include a glucose tolerance test.

Thereafter, the Veteran submitted orders reflecting that he was recalled for Reserve Active Duty Operational Support—AC Long Term/Contingency pursuant to 10 U.S.C. § 12301(d) from July 5, 2017, to January 5, 2018. Service treatment records from such period of active duty reflect that, on July 20, 2017, his laboratory test results reflected that his HGB A1C was 7.3% and his glucose was 142 mg/dL and, based on such results, diabetes mellitus, type II, was diagnosed in August 2017. Subsequent Tricare treatment records reflect a diagnosis of diabetes mellitus, type II, as of August 2017.

In March 2018, the Veteran underwent another VA examination. At such time, the examiner noted a diagnosis of diabetes mellitus, type II, since 2015. She further indicated that the Veteran was prescribed an oral hypoglycemic agent and his condition was managed by a restricted diet. The same month another VA examiner reviewed the record and opined that it was less likely than not that the Veteran’s diabetes mellitus, type II, was incurred in or caused by the claimed in-service injury, event, or illness. In this regard, he noted that the March 2018 VA examiner noted such a diagnosis as of 2015; however, he indicated that it would be mere speculation to establish direct service connection. In this regard, the examiner indicated that the Veteran’s status at the beginning and end of his three periods of active duty based on Veterans Benefits Administration (VBA) diagnostic criteria is needed and was not found. In this regard, the Board notes that such usually includes laboratory testing, to include a glucose tolerance test. 38 C.F.R. § 4.119, Diagnostic Code 7913.

Based on the foregoing, the Board finds that, while the probative evidence fails to show that the Veteran’s diabetes mellitus, type II, manifested during his period of active duty from July 2015 to September 2015, as there is no diagnosis of such disorder confirmed by laboratory testing therein, or to a compensable degree within one year of his discharge from his period of active duty from January 2015 to May 2015. Rather, the evidence shows that diabetes mellitus, type II, was definitively diagnosed based on laboratory testing during his period of active duty from July 2017 to January 2018. Specifically, as noted previously, such a diagnosis was rendered in August 2017 based on laboratory testing completed in July 2017. Therefore, as the Veteran’s diabetes mellitus, type II, was incurred during his period of active duty from July 2017 to January 2018, service connection for such disorder is warranted. 

 

A. JAEGER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Breckenridge, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.